IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY LETROY BOYCE,
Plaintiff,

v.   Case No. 21–CV–00267–JPG

MICHAEL DANIEL WALSH,
Defendant.

## **MEMORANDUM & ORDER**

This is a civil rights case. Before the Court are Plaintiff Anthony Letroy Boyce's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2), Motion to Appoint Counsel (ECF No. 3), motions to clarify (ECF No. 4, 8), and Motion for Subpoena (ECF No. 5).

According to the Complaint, Boyce—an inmate at Menard Correctional Center in Illinois—paid his attorney, Defendant Michael Walsh, $5,000 to prepare a motion for postconviction relief. (Compl. at 4, ECF No. 1). Once Walsh received the money, however, he "began to dodge Boyce and duck his calls and lie to Boyce via recorded phone call." (*Id.* at 5). Boyce asked for a refund, but Walsh refused. (*Id.* at 6–7). Boyce then filed a complaint of professional misconduct against Walsh with the Illinois Supreme Court. (*Id.*). When Walsh still refused to give a refund, Boyce filed a two-count Complaint here. (*Id.* at 7–8). Count I alleges that Walsh violated the First Amendment by retaliating against Boyce for filing the Supreme Court complaint. (*Id.* at 8–9). And Count II alleges that Walsh violated the Americans with Disabilities Act ("ADA") by exploiting Boyce's disabilities, attention deficit disorder and autism. (*Id.* at 9).

The Court can permit an indigent party to proceed without prepayment of fees, known as proceeding *in forma pauperis*. 28 U.S.C. § 1915(a)(1). The party must first "submit[] an affidavit that includes a statement of all assets" and "state the nature of the action . . . and the affiant's belief that the person is entitled to redress." *Id.* If the action is clearly frivolous or malicious or fails to state a claim, however, then Court can deny leave to file *in forma pauperis* and dismiss the action altogether. *Id.* § 1915(e)(2)(B)(i)–(ii). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And the test for determining whether an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Boyce's Complaint fails to state a claim under either the First Amendment or the ADA, warranting dismissal. *First*, "the constitutional guarantee of free speech is guaranteed **only against abridgment by government**, federal or state. Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976) (emphasis added). Put differently, while Boyce may have a common law claim for breach of contract,[1] his First Amendment claim fails because Walsh is not a governmental actor.

*Second*, the ADA protects against disability discrimination related to "terms, conditions, and privileges of **employment**." 42 U.S.C. § 12112. (emphasis added) Here, Boyce was simply Walsh's client—there was no employment relationship. The ADA is thus inapplicable.

---

[1] A breach-of-contract claim for $5,000, by itself, should be brought in state court.

For these reasons, Boyce cannot make a rational argument on the law or facts to support a claim under either the First Amendment or the ADA. The Court therefore

- **DENIES** Boyce's Motion to Proceed In Forma Pauperis;

- **FINDS AS MOOT** Boyce's Motion to Appoint Counsel, motions to clarify, and Motion for Subpoena;

- **DISMISSES** the Complaint **WITHOUT PREJUDICE**; and

- **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

**IT IS SO ORDERED.**

**Dated: Friday, March 19, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
